UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY PAGE, | No. C 04-1009 SI (pr) |
|     Petitioner, | **ORDER REOPENING THE CASE AND TO SHOW CAUSE** |
|   v. | |
| DAVID L. RUNNELS, warden, | |
|     Respondent. | |

### INTRODUCTION

Larry Page, an inmate at the High Desert State Prison, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Upon initial review, the court noted that the petition appeared to have a claim for which state court remedies had not been exhausted. The court required Page to choose how he wanted to cure the problem of the unexhausted claim. Page elected to request a stay of the proceedings while he exhausted his unexhausted claim in the California Supreme Court. The court stayed the action and administratively closed it. Page recently filed a motion to reopen the action and file an amended petition.

### BACKGROUND

Page reports in his amended petition that he was convicted in the Santa Clara County Superior Court of conspiracy, attempted vehicle theft, assault with a deadly weapon, burglary and attempted robbery. Several sentence enhancement allegations were found true. On May 15, 2000, Page was sentenced to terms of 106 years to life in prison.

He appealed. The California Court of Appeal affirmed his conviction with a sentence modification. The California Supreme Court denied his petition for review. Page then filed this action.

After this action was filed and stayed, Page filed a petition for writ of habeas corpus in the California Supreme Court. After he received a denial of his state habeas petition, Page moved to reopen this action and amend his stayed petition.

## DISCUSSION

A.   Motion To Reopen And Amend the Stayed Petition

This action was stayed while Page exhausted state court remedies for a claim he wanted to assert in federal habeas but had not been included in his petition for review on direct appeal to the California Supreme Court. Page recently completed his unsuccessful efforts in state habeas and moved to reopen this action and amend his stayed petition. In his motion, Page explained that he "diligently prepared and submitted" a habeas petition in the California Supreme Court and that the petition was denied on July 13, 2005, less than a month before he filed his motion to reopen this action. Upon due consideration, the motion to reopen the action and amend the stayed petition will be granted. The amended petition received on August 5, 2005 will be filed by the clerk. The court will now review the amended petition.

B.   Review Of Amended Petition

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez,

1  908 F.2d 490, 491 (9th Cir. 1990).

The amended petition alleges the following claims for relief: (1) the trial court's refusal to instruct on the claim-of-right defense violated Page's right to due process, (2) the trial court's denial of a discovery motion to obtain a police officer's personnel records violated Page's right to due process and his Sixth Amendment right to confront witnesses, (3) the exclusion of relevant exculpatory evidence violated Page's rights to present a defense and due process, (4) the trial court's refusal to instruct on the unreliability of drug addicts' testimony violated Page's rights to due process and a fair trial, and (5) Page's counsel provided ineffective assistance of counsel by refusing to allow him to testify in his own defense. Liberally construed, the claims are cognizable in a federal habeas action and warrant a response from respondent.

This order only determines that the claims are cognizable. The record before the court is insufficient for the court to determine that the claims are timely or that state court remedies have been exhausted as to all of them. The court leaves it to respondent to raise any procedural problems in his answer or in a motion to dismiss.

## CONCLUSION

For the foregoing reasons,

1. Petitioner's motion to reopen the action and amend the stayed petition is GRANTED. (Docket # 10.) The stay of proceedings is lifted. The clerk shall reopen this action and file the amended petition received on August 5, 2005.

2. The amended petition states cognizable claims for habeas relief and warrants a response.

3. The clerk shall serve by certified mail a copy of this order, the petition, amended petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

4. Respondent must file and serve upon petitioner, on or before **December 9, 2005**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the

answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

     5.    If petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on respondent on or before **January 13, 2006**.

     IT IS SO ORDERED.

DATED: October 5, 2005

                                      SUSAN ILLSTON
                                      United States District Judge